1

Mieke K. Malmberg (SBN 209992)
mmalmberg@skiermontderby.com
**SKIERMONT DERBY LLP**
2

800 Wilshire Boulevard, Suite 1450
Los Angeles, California 90017
3

T: (213) 788-4500 | F: (213) 788-4545

4

Adam K. Mortara [*pro hac vice*]
adam@mortaralaw.com
5

125 South Wacker Dr., Suite 300
Chicago, Illinois 60606
6

T: (773) 750-7154

7

8

John M. Hughes [*pro hac vice*]
john.hughes@bartlitbeck.com
John S. Phillips [pro hac vice]
9

john.phillips@bartlitbeck.com
Joseph C. Smith, Jr. [*pro hac vice*]
10

joseph.smith@bartlitbeck.com
Meg E. Fasulo [*pro hac vice*]
11

meg.fasulo@bartlitbeck.com
**BARTLIT BECK LLP**
12

1801 Wewatta, Suite 1200
Denver, Colorado 80202
13

Telephone: (303) 592-3100
Facsimile: (303) 592-3140
14

15

*Attorneys for Plaintiff*
Colibri Heart Valve LLC

16

Mark D. Fowler (SBN 124235)
mark.fowler@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2250
T: (650) 833-2000 | F: (650) 833-2001

Kathryn Riley Grasso (SBN 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
T: (619) 699-2700 | F: (619) 699-2701

Martin M. Ellison (SBN 292060)
martin.ellison@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400, N. Tower
Los Angeles, CA 90067
T: (310) 595-3000 | F: (310) 595-3300

James M. Heintz [*pro hac vice*]
jim.heintz@dlapiper.com
**DLA PIPER LLP (US)**
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, Virginia 20190
T: (703) 773-4000 | F: (703) 773-5000

*Attorneys for Defendant*
Medtronic CoreValve LLC

17

## UNITED STATES DISTRICT COURT

18

## CENTRAL DISTRICT OF CALIFORNIA

19

## SOUTHERN DIVISION – SANTA ANA

20

21

COLIBRI HEART VALVE LLC,

22

Plaintiff,

23

v.

24

25

MEDTRONIC COREVALVE LLC,

26

Defendant.

27

28

Case No.: 8:20-cv-00847-DOC-JDE

**STIPULATED PROTECTIVE ORDER** [71-2]

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties also acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, (3) is not a former employee of an opposing Party in this litigation; and (4) within a year of the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items:</u> extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>In-House Counsel:</u> attorneys who are employees of a Party to this action or attorneys who function, by contract, as the Party's in-house counsel. In-House Counsel does not include Outside Counsel of Record or any other outside counsel. In-House Counsel does not include litigation funders in this Action.

2.9     <u>Designated In-House Counsel:</u>  In-House Counsel who may review Protected Material, including CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY once they execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Designated In-House Counsel for Plaintiff may be designated later pursuant to Section 7.4(a). Designated In-House Counsel for Defendant currently consists of Matthew Anderson and Amy Lydon.  The Parties may designate additional or replacement Designated In-House Counsel subject to the procedures set forth in Section 7.4(a).

2.10    <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action or of a parent or affiliate of the party and who are not litigation funders in this Action, who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared in this action.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that has been designated as Confidential that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or

3

1  becomes part of the public domain after its disclosure to a Receiving Party as a

2  result of publication not involving a violation of this Stipulated Protective Order,

3  including becoming part of the public record through trial or otherwise; and (b) any

4  information known to the Receiving Party prior to the disclosure or obtained by the

5  Receiving Party after the disclosure from a source who obtained the information

6  lawfully and under no obligation of confidentiality to the Designating Party.

7  **4.**    **DURATION**

8         Even after final disposition of this litigation, the confidentiality obligations

9  imposed by this Stipulated Protective Order shall remain in effect until a

10  Designating Party agrees otherwise in writing (which agreement shall not be

11  unreasonably withheld) or a final court order otherwise directs. Final disposition

12  shall be deemed to be the later of (1) dismissal of all claims and defenses in this

13  action, with or without prejudice; and (2) final judgment herein after the completion

14  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

15  including the time limits for filing any motions or applications for extension of time

16  pursuant to applicable law.

17  **5.**    **DESIGNATING PROTECTED MATERIALS**

18         5.1    Exercise of Restraint and Care in Designating Material for Protection.

19  Each Party or Non-Party that designates information or items for protection under

20  this Stipulated Protective Order must take care to limit any such designation to

21  specific material that qualifies under the appropriate standards. To the extent it is

22  practical to do so, the Designating Party must designate for protection only those

23  parts of material, documents, items, or oral or written communications that qualify

24  – so that other portions of the material, documents, items, or communications for

25  which protection is not warranted are not swept unjustifiably within the ambit of

26  this Stipulated Protective Order.

27         Mass, indiscriminate, or routinized designations are prohibited. Designations

28  that are shown to be clearly unjustified or that have been made for an improper

1  purpose (e.g., to unnecessarily encumber or retard the case development process or

2  to impose unnecessary expenses and burdens on other parties) expose the

3  Designating Party to sanctions.

4      If it comes to a Designating Party's attention that information or items that it

5  designated for protection do not qualify for protection at all or do not qualify for the

6  level of protection initially asserted, that Designating Party must promptly notify all

7  other parties that it is withdrawing the mistaken designation.

8      5.2  <u>Manner and Timing of Designations.</u> Except as otherwise provided in

9  this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a)

10  below), or as otherwise stipulated or ordered, Disclosure or Discovery

11  Material that qualifies for protection under this Stipulated Protective Order must be

12  clearly so designated before the material is disclosed or produced.

13      Designation in conformity with this Stipulated Protective Order requires:

14      a.  <u>for information in documentary form</u> (e.g., paper or electronic

15  documents, but excluding transcripts of depositions or other pretrial or trial

16  proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

17  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each

18  page that contains protected material. If only a portion or portions of the

19  material on a page qualifies for protection, the Producing Party also must

20  clearly identify the protected portion(s) (e.g., by making appropriate

21  markings in the margins) and must specify, for each portion, the level of

22  protection being asserted.

23      A Party or Non-Party that makes original documents or materials

24  available for inspection need not designate them for protection until after the

25  inspecting Party has indicated which material it would like copied and

26  produced. During the inspection and before the designation, all of the

27  material made available for inspection shall be deemed "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting

5

1    Party has identified the documents it wants copied and produced, the

2    Producing Party must within 21 calendar days (a) determine which

3    documents, or portions thereof, qualify for protection under this Stipulated

4    Protective Order, and (b) produce the specified documents with the

5    appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY") affixed to each page that contains Protected

7    Material. If only a portion or portions of the material on a page qualifies for

8    protection, the Producing Party also must clearly identify the protected

9    portion(s) (e.g., by making appropriate markings in the margins) and must

10   specify, for each portion, the level of protection being asserted.

11         b.    for testimony given in deposition or in other pretrial or trial

12   proceedings, that the Designating Party identify on the record, before the

13   close of the deposition, hearing, or other proceeding, all protected testimony

14   and specify the level of protection being asserted. When it is impractical to

15   identify separately each portion of testimony that is entitled to protection and

16   it appears that substantial portions of the testimony may qualify for

17   protection, the Designating Party may invoke on the record (before the

18   deposition, hearing, or other proceeding is concluded) a right to have up to

19   21 calendar days to identify the specific portions of the testimony as to which

20   protection is sought and to specify the level of protection being asserted.

21   Only those portions of the testimony that are appropriately designated for

22   protection within the 21 calendar days shall be covered by the provisions of

23   this Stipulated Protective Order. Alternatively, a Designating Party may

24   specify, at the deposition or up to 21 calendar days afterwards if that period

25   is properly invoked, that the entire transcript shall be treated as

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

27   EYES ONLY."

28

PROTECTIVE ORDER

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

       c.     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective

Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality first with the Magistrate Judge within 21 calendar days of the initial notice of challenge, or within 14 calendar days of the parties agreeing that the meet

and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Absent good cause, failure by the Designating Party to make such a motion including the required declaration within 21 calendar days (or 14 calendar days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Within 10 calendar days of service of any such motion, the Designating Party shall file and serve with the Magistrate Judge a response.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

If either party disagrees with the Magistrate Judge's decision, that party shall file and serve a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) to retain or modify/eliminate the confidentiality designation, within 10 calendar days of issuance of the Magistrate Judge's decision.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Any use of Protected Material at trial shall be addressed by the judicial officer conducting the proceeding at the appropriate time.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. A Receiving Party must implement and maintain reasonable physical, technical, and organizational safeguards designed to protect the security of Protected Material from loss, misuse, and unauthorized access, disclosure, alteration, and destruction.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     the Receiving Party's Outside Counsel of Record in this action, including Outside Counsel of Record admitted *pro hac vice*, counsel from the same law firm as Outside Counsel of Record, outside counsel retained to assist Outside Counsel of Record for a Party, and paralegals, secretaries, and clerical personnel assisting all such counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.     Designated In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

10

1          c.      Experts (as defined in this Stipulated Protective Order) of the

2 Receiving Party, and such Experts' personnel and support staff, to whom

3 disclosure is reasonably necessary for this litigation and who have signed the

4 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5          d.      the Court and its personnel, including without limitation David

6 Keyzer;

7          e.      court reporters and their staff, professional jury or trial

8 consultants, and Professional Vendors to whom disclosure is reasonably

9 necessary for this litigation;

10          f.      during their depositions, any witness designated by the

11 Designating Party under <u>Fed. R. Civ. P. 30(b)(6)</u>; and

12          g.      the author or recipient of a document containing the information

13 or a custodian or other person who otherwise previously had access to the

14 information.

15      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

16 <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

17 writing by the Designating Party, a Receiving Party may disclose any information

18 or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

19 only to:

20          a.      the Receiving Party's Outside Counsel of Record in this action,

21 including Outside Counsel of Record admitted *pro hac vice*, counsel from the

22 same law firm as Outside Counsel of Record, outside counsel retained to

23 assist Outside Counsel of Record for a Party, and paralegals, secretaries, and

24 clerical personnel assisting all such counsel as well as employees of said

25 Outside Counsel of Record to whom it is reasonably necessary to disclose the

26 information for this litigation;

27

28

11

b. Designated In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

c. Experts of the Receiving Party, and such Experts' personnel and support staff, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(b), below, have been followed;

d. the Court and its personnel, including without limitation David Keyzer;

e. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f. during their depositions, any witness designated by the Designating Party under Fed. R. Civ. P. 30(b)(6); and

g. the author or recipient of a document containing the information or a custodian or other person who otherwise previously had access to the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated In-House Counsel and Experts.

a. Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the In-House Counsel and the city and state of his or her residence, and (2) describes the In-House Counsel's current and

12

PROTECTIVE ORDER

reasonably foreseeable future primary job duties and responsibilities with the Party in sufficient detail to determine if the In-House Counsel is involved, or may become involved, in any competitive decision-making or in the prosecution of patents or patent applications on behalf of a Party relating to, without limitation, the technology embodied in the patents asserted in this action.  The time frame and method for objection shall be the same as that for Experts.

> b.      "CONFIDENTIAL" Information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

> c.      Except as provided in Paragraph 7.4.b above, and unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any Protected Material must first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, including the Expert's current employer(s) and identifies all entities from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, during the preceding five years and (3) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating

PROTECTIVE ORDER

any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any further disclosure.

d.      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

e.      A Party that receives a timely written objection must meet and confer with the Designating Party (through voice to voice dialogue) to try to resolve the matter by agreement within seven calendar days of the written objection. If no agreement is reached, the Designating Party shall file a motion with the Magistrate Judge assigned to this case, opposing disclosure to the Expert.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is opposed. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions). Within five court days of service of any such motion, the Receiving Party shall file and serve a response. And within three court days of service of any such response, the moving party may file and serve a reply.

In any such proceeding on such a Motion, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

If either Party wishes to challenge the Magistrate Judge's decision, it may file a motion with this Court as provided in Civil Local Rule 7 (and in compliance

1    with Civil Local Rule 79-5, if applicable), within 10 calendar days of the issuance

2    of the Magistrate Judge's decision.

3    **8.     PROSECUTION BAR**

4         Absent written consent from the Producing Party, any individual who

5    receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6    information shall not be involved in the prosecution of patents or patent

7    applications on behalf of a Party relating to, without limitation, the technology

8    embodied in the patents asserted in this action, and any patent or application

9    claiming priority to or otherwise related to the patents asserted in this action, before

10   any foreign or domestic agency, including the United States Patent and Trademark

11   Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes

12   directly or indirectly drafting, amending, advising, or otherwise affecting the scope

13   or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this

14   paragraph does not include representing a Party challenging or defending a patent

15   in a post-grant proceeding before a domestic or foreign agency (including, but not

16   limited to, a reissue protest, ex parte reexamination or inter partes review or

17   reexamination). This Prosecution Bar shall begin when access to "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by

19   the affected individual and shall end two (2) years after final termination of this

20   action.

21   **9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

22          **PRODUCED IN OTHER LITIGATION**

23         If a Party is served with a subpoena or a court order issued in other litigation

24   that compels disclosure of any information or items designated in this action as

25   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26   ONLY" that Party must:

27              a.     promptly notify in writing the Designating Party. Such

28         notification shall include a copy of the subpoena or court order;

b.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a.      The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

PROTECTIVE ORDER

1. promptly notify in writing the Requesting Party and the Non Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

    c.     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute

1  the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

2  Exhibit A.

3  **12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

4  **<u>PROTECTED MATERIAL</u>**

5        When a Producing Party gives notice to Receiving Parties that certain

6  inadvertently produced material is subject to a claim of privilege or other

7  protection, the obligations of the Receiving Parties are those set forth in <u>Federal</u>

8  <u>Rule of Civil Procedure 26(b)(5)(B)</u>. Pursuant to Federal Rule of Evidence 502(d)

9  and (e), insofar as the parties reach an agreement on the effect of disclosure of a

10  communication or information covered by the attorney-client privilege or work

11  product protection, the parties may incorporate their agreement in a stipulated order

12  submitted to the Court.

13  **13.    <u>MICELLANEOUS</u>**

14        13.1   <u>Right to Further Relief.</u> Nothing in this Stipulated Protective Order

15  abridges the right of any person to seek its modification by the Court in the future.

16        13.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this

17  Stipulated Protective Order no Party waives any right it otherwise would have to

18  object to disclosing or producing any information or item on any ground not

19  addressed in this Stipulated Protective Order. Similarly, no Party waives any right

20  to object on any ground to use in evidence of any of the material covered by this

21  Stipulated Protective Order.

22        13.3   <u>Export Control.</u> Disclosure of Protected Material shall be subject to all

23  applicable laws and regulations relating to the export of technical data contained in

24  such Protected Material, including the release of such technical data to foreign

25  persons or nationals in the United States or elsewhere. The Producing Party shall be

26  responsible for identifying any such controlled technical data, and the Receiving

27  Party shall take measures necessary to ensure compliance.

28

PROTECTIVE ORDER

13.4   <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

**14.   <u>FINAL DISPOSITION</u>**

Within 60 calendar days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

19

PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: November 20, 2020          **SKIERMONT DERBY LLP**

4                                      */s/ Mieke K. Malmberg*

5                                      Mieke K. Malmberg [SBN 209992]
6                                      mmalmberg@skiermontderby.com
                                       800 Wilshire Boulevard, Suite 1450
7                                      Los Angeles, California 90017
8                                      Telephone: (213) 788-4500
                                       Facsimile: (213) 788-4545
9

10                                     Adam K. Mortara [*pro hac vice*]
                                       adam@mortaralaw.com
11                                     125 South Wacker Dr., Suite 300
12                                     Chicago, Illinois 60606
                                       Telephone: (773) 750-7154
13

14                                     John M. Hughes [*pro hac vice*]
                                       john.hughes@bartlitbeck.com
15                                     John S. Phillips [pro hac vice]
                                       john.phillips@bartlitbeck.com
16                                     Joseph C. Smith, Jr. [*pro hac vice*]
17                                     joseph.smith@bartlitbeck.com
                                       Meg E. Fasulo [*pro hac vice*]
18                                     meg.fasulo@bartlitbeck.com
19                                     BARTLIT BECK LLP
20                                     1801 Wewatta, Suite 1200
                                       Denver, Colorado 80202
21                                     Telephone: (303) 592-3100
22                                     Facsimile: (303) 592-3140

23                                     *Attorneys for Plaintiff*
24                                     Colibri Heart Valve LLC

25

26

27

28

                                    20

| | |
|---|---|
| 1 | DATED: November 20, 2020 |

**DLA PIPER LLP**

*/s/ Kathryn Riley Grasso*

Kathryn Riley Grasso [SBN 211187]
kathryn.riley@dlapiper.com
DLA Piper LLP
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2842
Facsimile:  (619) 699-2701

Mark D. Fowler [SBN 124235]
mark.fowler@dlapiper.com
2000 University Ave.
East Palo Alto, CA 94303
Telephone: (650) 833-1559
Facsimile:  (650) 833-2001

Martin M. Ellison [SBN 292060]
martin.ellison@dlapiper.com
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Telephone: (310) 595-3000
Facsimile:  (310) 595-3300

James M. Heintz [*pro hac vice*]
jim.heintz@dlapiper.com
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, Virginia 20190
Telephone: (703) 773-4000
Facsimile:  (703) 773-5000

*Attorneys for Defendant*
Medtronic CoreValve LLC

21

PROTECTIVE ORDER

1

2

3  DATED: November 24, 2020

4

_____
Honorable David O. Carter
United States District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

PROTECTIVE ORDER

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [full name],

of _____ [full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the case of *Colibri Heart Valve, LLC*

*v. Medtronic CoreValve LLC*, Case No. 8:20-CV-00847-DOC-JDE. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed:

_____

Printed name: _____

[printed name]

Signature: _____

[signature]