1   Mark D. Fowler (SBN 124235)
2   mark.fowler@dlapiper.com
    **DLA PIPER LLP (US)**
3   2000 University Avenue
    East Palo Alto, California 94303-2250
4   T: (650) 833-2000  |  F: (650) 833-2001
5
    Kathryn Riley Grasso (SBN 211187)
6   kathryn.riley@dlapiper.com
    **DLA PIPER LLP (US)**
7   401 B Street, Suite 1700
    San Diego, CA 92101
8   T: (619) 699-2700  |  F: (619) 699-2701
9
10  Martin M. Ellison (SBN 292060)
    martin.ellison@dlapiper.com
11  **DLA PIPER LLP (US)**
12  2000 Avenue of the Stars, Suite 400, N. Tower
    Los Angeles, CA 90067
13  T: (310) 595-3000  |  F: (310) 595-3300
14
    Attorneys for Defendant
15  Medtronic CoreValve LLC

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18
    Colibri Heart Valve, LLC,                    Case No. 8:20-cv-00847-DOC-JDE
19                                               Hon. David O. Carter
                        Plaintiff,
20                                               **DEFENDANT MEDTRONIC**
21         v.                                    **COREVALVE LLC'S**
                                                 **MEMORANDUM OF**
22  Medtronic CoreValve LLC,                     **CONTENTIONS OF LAW AND**
                                                 **FACT (L.R. 16-4)**
23
                        Defendant.
24                                               Trial Date: Feb. 22, 2022
25                                               Courtroom: 9D
26
27
28

# Table of Contents

I.   Claims for Which Plaintiff Bears the Burden of Proof ...................................... 1

    A.   Plaintiff's Claim 1: Induced Infringement .......................................... 2

        1.   Summary of the Claim and Medtronic's Defenses ................... 2

        2.   Elements of Induced Infringement .......................................... 2

        3.   Medtronic's Evidence to Refute the Claim .............................. 4

        4.   Additional Issues Related to the Claim ................................... 5

    B.   Plaintiff's Claim 2: Willful Infringement ........................................... 5

        1.   Summary of the Claim and Medtronic's Defenses ................... 5

        2.   Elements of the Willful Infringement ...................................... 6

        3.   Medtronic's Evidence to Refute the Claim .............................. 6

        4.   Additional Issues Related to the Claim ................................... 8

    C.   Plaintiff's Claim 3: Damages ............................................................. 8

        1.   Summary of the Claim and Medtronic's Defenses ................... 8

        2.   Elements of the Damages Claim ............................................. 8

        3.   Medtronic's Evidence to Refute the Claim ............................ 10

        4.   Additional Issues Related to the Claim ................................. 12

    D.   Plaintiff's Claim 4: Exceptional Case .............................................. 12

        1.   Summary of the Claim ........................................................... 12

        2.   Elements of the Exceptional Case Claim ............................... 12

        3.   Medtronic's Evidence to Refute the Claim ............................ 13

II.  Medtronic's Affirmative Defenses ................................................................ 14

    A.   Medtronic's Claim 1: Noninfringement of the '294 Patent .............. 14

        1.   Summary of the Claim ........................................................... 14

        2.   Elements of the Claim ........................................................... 15

        3.   Medtronic's Evidence to Support the Claim ........................... 17

    B.   Medtronic's Claim 2: Invalidity of the '294 Patent Asserted Claims ............................................................................................... 18

|  |  | 1. | Summary of the Claim | 18 |
|  |  | 2. | Elements of the Claim | 18 |
|  |  | 3. | Medtronic's Evidence to Support the Claim | 20 |
|  | C. | Medtronic's Claim 3: Limited Damages (35 U.S.C. §§ 286 and 288) | | 21 |
|  |  | 1. | Summary of the Claim | 21 |
|  |  | 2. | Elements of the Claim | 21 |
|  |  | 3. | Medtronic's Evidence to Support the Claim | 22 |
| III. | Bifurcation of Issues | | | 23 |
| IV. | Jury Trial | | | 23 |
| V. | Attorneys' Fees | | | 23 |
| VI. | Abandonment of Issues | | | 23 |

DEFENDANT MEDTRONIC'S MEMORANDUM
OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)

1        Pursuant to Local Rule 16-4, Defendant Medtronic CoreValve LLC

2   ("Medtronic") submits these Contentions of Law and Fact.  Medtronic reserves all

3   rights to amend or supplement the assertions contained in these Contentions,

4   including supplementing, editing, or withdrawing any or all of the content below in

5   response to the Memorandum of Contentions of Fact and Law submitted by Plaintiff

6   Colibri Heart Valve, LLC ("Plaintiff") or to address any issues that arise during

7   pretrial proceedings for this case.  The Contentions below are based on Medtronic's

8   current understanding of the parties' claims in light of the Technical Special

9   Master's Reports and Recommendations on Summary Judgment and the Court's

10  order adopting the same (Dkt. 258), as well as the Court order regarding

11  Medtronic's Daubert motion (Dkt. 260).  Medtronic's inclusion of the Contentions

12  below does not constitute a waiver or concession of any aspect of Medtronic's

13  objections or arguments made in connection with those orders, nor does it constitute

14  a waiver of Medtronic's right to appeal the same.

15  **I.      Claims for Which Plaintiff Bears the Burden of Proof**

16       Based on Plaintiff's past pleadings and other representations from Plaintiff,

17  Medtronic understands that Plaintiff intends to pursue the below-listed claims at

18  trial.  In compliance with Local Rule 16-4.1, Medtronic identifies below the

19  proposed elements for each claim.  Plaintiff bears the burden of proving the claims

20  below and each element thereof.  In its Answer to Plaintiff's First Amended

21  Complaint, Medtronic affirmatively states that Plaintiff cannot prove the below-

22  listed claims (*see, e.g.*, Medtronic's Second Affirmative Defense at Dkt. 114), but at

23  all times it remains Plaintiff's burden to establish these claims.  Although Medtronic

24  lists evidence to disprove these claims below, Medtronic does not assume any

25  burden of proof for rebutting these claims, and Medtronic further contends that—

26  even without an affirmative showing of evidence by Medtronic—the evidence

27  submitted by Plaintiff cannot satisfy Plaintiff's burden of proof.

28

DEFENDANT MEDTRONIC'S MEMORANDUM
OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)

A.    **Plaintiff's Claim 1: Induced Infringement**

1.    **Summary of the Claim and Medtronic's Defenses**

Plaintiff claims that Medtronic has induced direct infringement by third parties of claims 1, 2, and 3 of U.S. Patent No. 8,900,294 (the "'294 Patent") under 35 U.S.C. § 271(b).  The Medtronic products accused of infringement are the CoreValve Evolut R, Evolut PRO and Evolut PRO+ systems (collectively, the "Accused Products").  Plaintiff claims that one claim limitation of claim 1 of the '294 Patent (*i.e.*, claim limitation "after the advancing step, partially deploying a distal portion of the replacement heart valve device within the patient by pushing out the pusher member from the moveable sheath to expose the distal portion of the replacement heart valve device") is infringed by the third party medical professional customers either literally or under the doctrine of equivalents, and alleges only literal infringement of the other limitations of the '294 Patent claims.  Medtronic's Second Affirmative Defense of Failure to State a Claim and Medtronic's Third Affirmative Defense of No Infringement (*see* Dkt. 114) are directed to Plaintiff's induced infringement claim, although as noted above it remains Plaintiff's burden to prove every element of its claim for induced infringement.

2.    **Elements of Induced Infringement**

Plaintiff bears the burden of proving, by a preponderance of the evidence, the below elements of its claim for induced infringement.

- The actions of Medtronic's customers in their use of the Accused Products, such use being at the specific direction of Medtronic, constitutes direct infringement of each and every limitation of each and every asserted claim.

  - For the underlying act of direct infringement, Plaintiff owns the '294 Patent and has the right to sue for its infringement.

  - For the underlying act of direct infringement, customers used Medtronic's products in the United States in the specific way that

2

Medtronic directs, and such use practices each and every limitation of each and every claim of the '294 Patent.

- o For any aspect of the underlying act of direct infringement to be proved under the doctrine of equivalents, customers used Medtronic's products to perform the step in a way that is insubstantially different than the claim element, such as, for example, by showing that customers perform substantially the same function, in substantially the same way, to achieve substantially the same result as is the case for the one claim limitation for which the doctrine of equivalents is asserted by Plaintiff.

- o For the underlying act of direct infringement, said customers' use of Medtronic's products in the infringing manner was done without Plaintiff's authorization during the time the '294 Patent was in force.

- Medtronic had knowledge of the '294 Patent at the relevant time.

- Medtronic took action during the time that the '294 Patent was in force that was intended to cause the infringing acts by Medtronic's customers.

- Medtronic believed that the acts of Medtronic's customers infringed the '294 Patent.

- Medtronic specifically intended that the actions of its customers, in using the Accused Products, would constitute direct infringement of the '294 Patent.

Sources: Federal Circuit Bar Association Model Jury Instructions 3.2 (Indirect Infringement – Active Inducement); 3.1(c) (Direct Infringement Under the Doctrine of Equivalents); and 3.1(a) (Direct Infringement by Literal Infringement); 35 U.S.C. § 271(b); *Global-Tech Appliances, Inc. v. SEB S.A*, 563 U.S. 754, 765-66 (2011); *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 637, 639-42 (2015); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

3

### 3.   Medtronic's Evidence to Refute the Claim

Because Plaintiff bears the burden of proof for this claim, Medtronic relies on its position that Plaintiff cannot establish the elements of this claim by a preponderance of the evidence.  However, in addition to Plaintiff's inability to meet its burden of proof, Medtronic will rely on the following evidence to refute Plaintiff's allegations with respect to this claim:

- The '294 Patent, the file history of the '294 Patent, patents related to the '294 Patent, and the file histories of those related patents.
- The Court's claim constructions.
- Technical specifications, diagrams, presentations, correspondence, instructions, advertising, user manuals, web pages, photographs, and patents and patent applications evidencing the design, structure, function, and operation of the Accused Products and of the products from which the Accused Products evolved.
- Physical samples of the Accused Products.
- Discovery responses of both parties.
- Evidence of the known state of the art at the time of the alleged infringement, including patents, published patent applications and publications.
- Testimony of relevant fact and expert witnesses, including Kshitija Garde, Mark Casley, Bruce Wagner, Gregory Larkin, Sean Edman, Gary Gratson, Richard Hillstead, David Paniagua, R. David Fish and Robert Gallegos.
- Deposition designations of relevant deponents, including all individuals and testimony identified in the concurrently exchanged deposition designations.

As noted above, Medtronic reserves the right to amend this list, including adding to or removing from it.  In particular, Medtronic reserves the right to supplement, edit, and withdraw evidence from this list in response to Plaintiff's Memorandum of

4

1  Contentions of Fact and Law or to address any issues that arise during pretrial
2  proceedings for this case.

3            **4.        Additional Issues Related to the Claim**

4       With respect to the claim limitation "pushing out the pusher member from the
5  moveable sheath," the Court already determined that there is no merit to Colibri's
6  literal infringement theory of "active repositioning technique" of "pushing or pulling
7  the entire delivery system."  Dkt. 258 (Order Adopting Report & Recommendation)
8  at 11.  Thus, the only remaining literal infringement theory to be tried as to this
9  claim limitation is Colibri's "cusp overlap technique" theory.  *Id*. at 11-12.  Subject
10 to the parties' current meet and confer discussions regarding this issue, the scope of
11 Plaintiff's infringement theory as to this claim limitation will be the subject of either
12 an agreed motion *in limine* ("MIL") or an opposed MIL, which are due to be filed
13 on January 7, 2022.

14      As a matter of law, Colibri's claim of induced infringement cannot be based
15 upon facts and evidence that precedes the December 2, 2014 issuance of the '294
16 Patent.  *Global-Tech Appliances, Inc., v. SEB S.A*., 563 U.S. 754, 765 (2011)563
17 U.S. at 765 ("[K]nowledge of the existence of the patent that is infringed … is
18 needed for induced infringement under § 271(b)."); *SynQor, Inc. v. Artesyn Techs.,*
19 *Inc*., 709 F.3d 1365, 1379 (Fed. Cir. 2013) (same); *Nat'l Presto Indus., Inc. v. West*
20 *Bend Co*., 76 F.3d 1185, 1196 (Fed. Cir. 1996) ("[A]s a matter of law [induced
21 infringement under] § 271(b) does not reach actions taken before issuance of the
22 adverse patent.").

23         **B.        Plaintiff's Claim 2: Willful Infringement**

24            **1.        Summary of the Claim and Medtronic's Defenses**

25      Plaintiff claims that Medtronic's alleged infringement under Claim 1 above
26 constitutes willful infringement under 35 U.S.C. § 284.  Medtronic's Second
27 Affirmative Defense of Failure to State a Claim and Medtronic's Third Affirmative
28 Defense of No Infringement (*see* Dkt. 114) are directed to this claim, although as

noted above, it remains Plaintiff's burden to prove every element of its claim for willful infringement.

### 2.    Elements of the Willful Infringement

Plaintiff bears the burden of proving, by a preponderance of the evidence, the below elements of its claim for willful infringement.

- Medtronic had knowledge of the '294 Patent.
- Medtronic intentionally caused its customers to infringe the asserted claims of the '294 Patent.
- Factors for consideration in establishing this element include:
  - Whether or not the alleged infringer acted consistently with the standards of behavior for its industry;
  - Whether or not the alleged infringer intentionally copied a product of the patent holder that is covered by the patent;
  - Whether or not the alleged infringer reasonably believed it did not infringe or that the patent was invalid;
  - Whether or not the alleged infringer made a good-faith effort to avoid infringing the patent, for example, whether the alleged infringer attempted to design around the patent; and
  - Whether or not the alleged infringer tried to cover up its infringement.

Sources: Federal Circuit Bar Association Model Jury Instructions 3.10 (Willful Infringement); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329–30 (Fed. Cir. 2021); *Halo Elecs. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992); *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959 (Fed. Cir. 2018).

### 3.    Medtronic's Evidence to Refute the Claim

Because Plaintiff bears the burden of proof for this claim, Medtronic relies on its position that Plaintiff cannot establish the elements of this claim by a

preponderance of the evidence.  However, in addition to Plaintiff's inability to meet its burden of proof, Medtronic will rely on the following evidence to refute Plaintiff's allegations with respect to this claim:

- The '294 Patent, the file history of the '294 Patent, patents related to the '294 Patent, and the file histories of those related patents.

- The Court's claim constructions.

- Technical specifications, diagrams, presentations, correspondence, instructions, advertising, user manuals, web pages, photographs, and patents and patent applications evidencing the design, structure, function, and operation of the Accused Products and of the products from which the Accused Products evolved.

- Documents, correspondence, and witness testimony evidencing the parties' pre-suit communications and interactions.

- Physical samples of the Accused Products.

- Discovery responses of both parties.

- Evidence of the known state of the art at the time of the alleged infringement, including patents, published patent applications and publications.

- Evidence of the invalidity of the '294 Patent, including prior art patents, published patent applications and publications.

- Testimony of relevant fact and expert witnesses, including Kshitija Garde, Mark Casley, Bruce Wagner, Gregory Larkin, Sean Edman, Gary Gratson, John Galla, Richard Hillstead, David Paniagua, R. David Fish and Robert Gallegos.

- Deposition designations of relevant deponents, including all individuals and testimony identified in the concurrently exchanged deposition designations.

As noted above, Medtronic reserves the right to amend this list, including adding to

7

or removing from it.  In particular, Medtronic reserves the right to supplement, edit, and withdraw evidence from this list in response to Plaintiff's Memorandum of Contentions of Fact and Law or to address any issues that arise during pretrial proceedings for this case.

### 4.      Additional Issues Related to the Claim

As a matter of law, Plaintiff's claim of willful infringement cannot be based upon facts and evidence that precedes the December 2, 2014 issuance of the '294 Patent.  *Gustafson, Inc. v. Intersystems Indus. Prods., Inc*., 897 F.2d 508, 510 (Fed. Cir. 1990) ("It is obvious that a party cannot be held liable for 'infringement', and thus not for 'willful' infringement, of a *nonexistent* patent, *i.e*., no damages are payable on products manufactured and sold before the patent issued.") (emphasis in original); *State Indus., Inc. v. A.O. Smith Corp*., 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe *a patent*, the patent must exist and one must have knowledge of it.") (emphasis in original).

### C.      Plaintiff's Claim 3: Damages

### 1.      Summary of the Claim and Medtronic's Defenses

Plaintiff claims that it is entitled to monetary damages for Medtronic's alleged infringement under Claim 1 above (induced infringement) and Claim 2 above (willful infringement).  Medtronic's Second Affirmative Defense of Failure to State a Claim and Medtronic's Third Affirmative Defense of No Infringement (*see* Dkt. 114) are directed to this claim, although as noted above it remains Plaintiff's burden to prove every element of its claim for damages.  Medtronic also asserts its Sixth Affirmative Defense (Notice, Damages, and Costs) that Plaintiff's claims for damages are statutorily limited under 35 U.S.C. § 286 to no more than six years preceding the filing of the complaint in this action, and that Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### 2.      Elements of the Damages Claim

Plaintiff bears the burden of proving, by a preponderance of the evidence, that

8

it is entitled to damages for Medtronic's alleged induced infringement.  Plaintiff must also prove by a preponderance of the evidence the amount of damages to which it is entitled for Medtronic's alleged induced infringement.  Plaintiff also must establish that it is entitled to damages for Medtronic's alleged willful infringement and, if it is entitled, the amount of those damages.  In making the required showing as to Plaintiff's claim for damages for Medtronic's alleged induced infringement, Plaintiff must establish the following:

- The amount of damages that is attributable to and that is adequate to compensate for Medtronic's alleged induced infringement to a reasonable degree of certainty.

- If seeking a reasonable royalty, the amount of money that Plaintiff and Medtronic would have agreed upon as a fee for using the invention at a hypothetical negotiation taking place at a time just prior to when infringement first began.

- If basing its damages claim on the application of a royalty rate to a sales revenue base, the portion of that revenue base that constitutes sales of Accused Products as to which third-parties actually performed each and every step of the claimed method and were intentionally induced by Medtronic to do so.

- The smallest salable patent-practicing unit.

- The incremental value that the inventive features of the '294 Patent contribute to the Accused Products when used by third-parties to practice the claimed method because of Medtronic's alleged inducement of infringement.

In making the showing as to Plaintiff's claim for damages for Medtronic's alleged willful infringement, Plaintiff must establish the following:

- That Medtronic's conduct was willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

9

- The appropriate amount of any alleged damages, which may not exceed three times the amount of actual damages found or assessed.

Sources: Federal Circuit Bar Association Model Jury Instructions 5.1, 5.6, 5.7, 5.8, 5.9, 5.12; 35 U.S.C. § 284; *Halo Elecs., v. Pulse Elects., Inc.*, 136 S. Ct. 1923, 1928-29 (2016); 35 U.S.C. § 285; *SRI Int'l, Inc. v. Cisco Sys., Inc.,* 14 F.4th 1323, 1330 (Fed. Cir. 2021).

### 3.    Medtronic's Evidence to Refute the Claim

Because Plaintiff bears the burden of proof for this claim, Medtronic relies on its position that Plaintiff cannot establish the elements of this claim by a preponderance of the evidence.  However, in addition to Plaintiff's inability to meet its burden of proof, Medtronic will rely on the following evidence to refute Plaintiff's allegations with respect to this claim:

- The '294 Patent, the file history of the '294 Patent, patents related to the '294 Patent, and the file histories of those related patents.
- The Court's claim constructions.
- Technical specifications, diagrams, presentations, correspondence, instructions, advertising, user manuals, web pages, photographs, and patents and patent applications evidencing the design, structure, function, and operation of the Accused Products and of the products from which the Accused Products evolved.
- Evidence of the known state of the art at the time of the alleged infringement, including patents, published patent applications and publications.
- Evidence of the invalidity of the '294 Patent, including prior art patents, published patent applications and publications.
- Documents evidencing and relating to the parties' finances and sales, including sales with respect to the Accused Products.
- Documents evidencing and relating to the parties' pre-suit

10

communications and interactions.

- Documents evidencing and relating to negotiations or licenses with respect to the Accused Products.

- Documents evidencing and relating to design-around alternatives to the claimed invention of the '294 Patent.

- Evidence of the extent (if any) to which revenue from the sales of Medtronic's Accused Products is attributable to the allegedly inventive features of the '294 Patent.

- Evidence of the extent to which revenue from the sales of Medtronic's Accused Products is attributable to factors other than the allegedly inventive features of the '294 Patent.

- Evidence of Plaintiff's lack of success in commercializing or otherwise monetizing the claimed invention of the '294 Patent.

- Evidence bearing directly or indirectly on the valuation of the '294 Patent.

- Discovery responses of both parties.

- Testimony of relevant witnesses, including Sean Edman, Gregory Larkin, Gary Gratson, Brett Madden, John Galla, and Keith Ugone, Kshitija Garde, Mark Casley, Bruce Wagner, Richard Hillstead, David Paniagua, R. David Fish and Robert Gallegos.

- Deposition designations of relevant deponents, including all individuals and testimony identified in the concurrently exchanged deposition designations.

- Medtronic's conduct during this litigation.

As noted above, Medtronic reserves the right to amend this list, including adding to or removing from it.  In particular, Medtronic reserves the right to supplement, edit, and withdraw evidence from this list in response to Plaintiff's Memorandum of Contentions of Fact and Law or to address any issues that arise during pretrial proceedings for this case.

**4.     Additional Issues Related to the Claim**

The '294 Patent expires on January 4, 2022.  As a consequence, Plaintiff may not seek damages or seek any other form of relief for any alleged practice of the '294 Patent occurring on or after that date.  *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 451-53 (2015); *Brulotte v. Thys Co.*, 379 U.S. 29 (1964).

On December 22, 2021, Medtronic filed a motion to strike portions of the supplemental expert report of Plaintiff's damages expert, Dr. Vellturo.  Dkt. 278. The motion currently is scheduled to be heard by the Court at the January 24, 2022, Pre-Trial Conference.

In its December 22, 2021 motion to strike, Medtronic also asked this Court for an opportunity to file a *Daubert* motion directed to the portions of Dr. Vellturo's supplemental report that are not stricken.  Dkt. 278.

Plaintiff may not recover damages with respect to any Accused Products that were not actually used by third parties to perform each and every step of the claimed method because of Medtronic's alleged inducement of infringement.

**D.     Plaintiff's Claim 4: Exceptional Case**

**1.     Summary of the Claim**

Plaintiff claims that this is an exceptional case under 35 U.S.C. § 285. Medtronic's Second Affirmative Defense of Failure to State a Claim and Medtronic's Third Affirmative Defense of No Infringement (*see* Dkt. 114) are directed to this claim, although as noted above it remains Plaintiff's burden to prove every element of its claim that this is an exception case.

**2.     Elements of the Exceptional Case Claim**

To prove entitlement to a declaration that this is an exceptional case and a corresponding award of attorneys' fees, Plaintiff must prove the following:

- That this case stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the

12

1    case was litigated.

2    Source: 35 U.S.C. § 285; *Octane Fitness v. ICON Health & Fitness*, 134 S. Ct.

3    1749, 1755-58 (2014).

4                   **3.      Medtronic's Evidence to Refute the Claim**

5           Because Plaintiff bears the burden of proof for this claim, Medtronic relies on

6    its position that Plaintiff cannot establish the elements of this claim by a

7    preponderance of the evidence.  However, in addition to Plaintiff's inability to meet

8    its burden of proof, Medtronic will rely on the following evidence to refute

9    Plaintiff's allegations with respect to this claim:

10   •   The '294 Patent, the file history of the '294 Patent, patents related to the

11       '294 Patent, and the file histories of those related patents.

12   •   The Court's claim construction, summary judgment and *Daubert* rulings.

13       Dkt. 97-1, 119, 203, 258, 266.

14   •   Technical specifications, diagrams, presentations, correspondence,

15       instructions, advertising, user manuals, web pages, photographs, and

16       patents and patent applications evidencing the design, structure, function,

17       and operation of the Accused Products and of the products from which the

18       Accused Products evolved.

19   •   Evidence of the known state of the art at the time of the alleged

20       infringement, including patents, published patent applications and

21       publications.

22   •   Evidence of the invalidity of the '294 Patent, including prior art patents,

23       published patent applications and publications.

24   •   Documents, correspondence, and witness testimony evidencing the parties'

25       pre-suit communications and interactions.

26   •   Physical samples of the Accused Products.

27   •   Discovery responses of both parties.

28   •   Testimony of relevant witnesses, including Kshitija Garde, Mark Casley,

13

Bruce Wagner, Gregory Larkin, Sean Edman, Gary Gratson, John Galla, Richard Hillstead, David Paniagua, R. David Fish, Robert Gallegos, Brett Madden, John Galla, and Keith Ugone.

- Deposition designations of relevant deponents, including all individuals and testimony identified in the concurrently exchanged deposition designations.
- The conduct of Medtronic during this litigation.
- The conduct of Plaintiff during this litigation.
- Communications between Medtronic and Plaintiff during this litigation regarding the lack of merit of Plaintiff's claims.

As noted above, Medtronic reserves the right to amend this list, including adding to or removing from it. In particular, Medtronic reserves the right to supplement, edit, and withdraw evidence from this list in response to Plaintiff's Memorandum of Contentions of Fact and Law or to address any issues that arise during pretrial proceedings for this case.

## II.    Medtronic's Affirmative Defenses

Based on Plaintiff's past pleadings and other representations from Plaintiff, Medtronic understands that Plaintiff intends to pursue the above-listed claims at trial. Medtronic also identified in Section I above certain of its Affirmative Defenses from its Answer to Plaintiff's First Amended Complaint (Dkt. 114) that respond to Plaintiff's claims above without shifting the burden of proof to Medtronic, including Medtronic's affirmative defenses of non-infringement and failure to state a claim. Medtronic will pursue those and the other affirmative defenses identified below. In compliance with Local Rule 16-4.1, Medtronic also identifies below the elements for each of the below-listed affirmative defenses.

### A.    Medtronic's Claim 1: Noninfringement of the '294 Patent

#### 1.    Summary of the Claim

To the extent that non-infringement or failure to state a claim for patent

14

1   infringement must be asserted as an affirmative defense, Medtronic will demonstrate

2   at trial the noninfringement of claims 1–3 of the '294 patent under 35 U.S.C. §

3   271(b), either literally or under the doctrine of equivalents.  In this regard, Plaintiff

4   claims that one claim limitation of claim 1 of the '294 Patent (*i.e.*, the claim

5   limitation "after the advancing step, partially deploying a distal portion of the

6   replacement heart valve device within the patient by pushing out the pusher member

7   from the moveable sheath to expose the distal portion of the replacement heart valve

8   device") is infringed by the third-party medical professional customers either

9   literally or under the doctrine of equivalents, and alleges only literal infringement of

10  the other limitations of the '294 Patent claims.

### 2.    Elements of the Claim

12  Plaintiff bears the burden of proving infringement, and Medtronic necessarily

13  prevails on this defense if Plaintiff fails to prove by a preponderance of the evidence

14  that Medtronic induced another to directly infringe an asserted claim either literally

15  or under the doctrine of equivalents.  However, to the extent noninfringement or

16  failure to state a claim for infringement must be proven as an affirmative defense

17  (which they do not), Medtronic would need to show by a preponderance of the

18  evidence that Plaintiff cannot prove at least one of the following elements of its

19  case:

20      • The actions of Medtronic's customers in their use of the Accused
21        Products, such use being at the specific direction of Medtronic, constitutes
22        direct infringement of each and every limitation of each and every asserted
23        claim.

24          o For the underlying act of direct infringement, Plaintiff owns the
25            '294 Patent and has the right to sue for its infringement.

26          o For the underlying act of direct infringement, customers used
27            Medtronic's products in the United States in the specific way that
28            Medtronic directs, and such use practices each and every limitation

15

1  of each and every claim of the '294 Patent.

2      o  For any aspect of the underlying act of direct infringement to be

3  proved under the doctrine of equivalents, customers used

4  Medtronic's products to perform the step in a way that is

5  insubstantially different than the claim element, such as, for

6  example, by showing that customers perform substantially the same

7  function, in substantially the same way, to achieve substantially the

8  same result as the one claim limitation for which the doctrine of

9  equivalents is asserted by Plaintiff.

10      o  For the underlying act of direct infringement, said customers' use of

11  Medtronic's products in the infringing manner was done without

12  Plaintiff's authorization during the time the '294 Patent was in

13  force.

14    •  Medtronic had knowledge of the '294 Patent at the relevant time.

15    •  Medtronic took action during the time that the '294 Patent was in force

16  that aided, instructed, or was otherwise intended to cause the infringing

17  acts by Medtronic's customers.

18    •  Medtronic believed that the acts of Medtronic's customers infringed the

19  '294 Patent.

20    •  Medtronic specifically intended that the actions of its customers, in using

21  the Accused Products, would constitute direct infringement of the '294

22  Patent.

23  Sources: Federal Circuit Bar Association Model Jury Instructions 3.2 (Indirect

24  Infringement – Active Inducement); 3.1(c) (Direct Infringement Under the Doctrine

25  of Equivalents); and 3.1(a) (Direct Infringement by Literal Infringement); 35 U.S.C.

26  § 271(b); *Global-Tech Appliances, Inc. v. SEB S.A*, 563 U.S. 754, 765-66 (2011);

27  *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 637, 639-42 (2015); *DSU

28  Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

DEFENDANT MEDTRONIC'S MEMORANDUM
OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)

### 3.     Medtronic's Evidence to Support the Claim

Because Plaintiff bears the burden of proof for this claim, Medtronic relies on its position that Plaintiff cannot establish the elements of this claim by a preponderance of the evidence.  However, in addition to Plaintiff's inability to meet its burden of proof, Medtronic will rely on the following evidence to refute Plaintiff's allegations with respect to this claim:

- The '294 Patent, the file history of the '294 Patent, patents related to the '294 Patent, and the file histories of those related patents.
- The Court's claim constructions.
- Technical specifications, diagrams, presentations, correspondence, instructions, advertising, user manuals, web pages, photographs, and patents and patent applications evidencing the design, structure, function, and operation of the Accused Products and of the products from which the Accused Products evolved.
- Evidence of the known state of the art at the time of the alleged infringement, including patents, published patent applications and publications.
- Physical samples of the Accused Products.
- Discovery responses of both parties.
- Testimony of relevant fact and expert witnesses, including Kshitija Garde, Mark Casley, Bruce Wagner, Richard Hillstead, Gregory Larkin, Sean Edman, Gary Gratson, David Paniagua, R. David Fish and Robert Gallegos.
- Deposition designations of relevant deponents, including all individuals and testimony identified in the concurrently exchanged deposition designations.

As noted above, Medtronic reserves the right to amend this list, including adding to or removing from it.  In particular, Medtronic reserves the right to supplement, edit,

DEFENDANT MEDTRONIC'S MEMORANDUM
OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)

1    and withdraw evidence from this list in response to Plaintiff's Memorandum of

2    Contentions of Fact and Law or to address any issues that arise during pretrial

3    proceedings for this case.

4    **B.      Medtronic's Claim 2: Invalidity of the '294 Patent Asserted Claims**

5               **1.      Summary of the Claim**

6    Medtronic contends that claims 1, 2, and 3 of the '294 Patent are invalid

7    under 35 U.S.C. §§ 102 and 103.

8               **2.      Elements of the Claim**

9    Medtronic bears the burden of proving, by clear and convincing evidence, the

10   below elements of its claims for invalidity.

11              **a.      35 U.S.C. § 102 Anticipation**

12   Invalidity under 35 U.S.C. § 102 requires proof of the following by clear and

13   convincing evidence, unless otherwise stated:

14   • The claimed subject matter of each asserted claim, on a claim-by-claim

15     basis, has been made, used, or disclosed—either expressly or inherently—

16     by a single piece of prior art before each asserted claim's priority date.

17   Additionally, because Medtronic asserts, among other section 102

18   anticipation defenses, that the publication of the grandparent application to the '294

19   Patent anticipates the claims, Medtronic must show, in order to prevail on its section

20   102 defense based on that publication, that the '294 Patent cannot claim priority to

21   its grandparent application, such that the publication of the grandparent application

22   is prior art.  The elements of that defense are as follows:

23   • The '294 Patent is not entitled to claim priority to, and is therefore

24     anticipated by, the grandparent Paniagua application (U.S. Patent

25     Application No. 10/887,688) because the application does not provide

26     written description support for any claim under 35 U.S.C § 112(a).

27     ○ Upon Medtronic establishing a *prima facie* case that Plaintiff is not

28        entitled to claim priority, Plaintiff bears the burden to show the '294

18

Patent is entitled to the claimed priority date.

- o Establishing that the Paniagua application does not provide written description support includes the following elements of a written description challenge under 35 U.S.C § 112(a):
  - ▪ A person having ordinary skill in the art reading the original patent applications would have recognized that it does not describe the full scope of the asserted claims of the asserted patents and thus that the named inventor(s) did not actually possess the full scope of the asserted claims at the time of the filing of these applications; or
  - ▪ A person having ordinary skill in the art reading the '294 Patent would have recognized that it does not describe the full scope of the asserted claims of the asserted patents and that the named inventor(s) did not actually possess the full scope of the claimed inventions; or
  - ▪ A person having ordinary skill in the art reading the original patent application would not have been enabled at the time to make and use the full scope of the invention.

Sources: Federal Circuit Bar Association Model Jury Instructions, B.4.3b-1; *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-63 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1129 (Fed. Cir. 2000); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1389 (Fed. Cir. 2008); *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1158 (Fed. Cir. 1998); 35 U.S.C. § 112(a); Federal Circuit Bar Association Model Jury Instructions, B.4.2a; *Ariad Pharms. Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1344-46 (Fed. Cir. 2010); *Takeda Pharm. Co. v. Zydus Pharms. USA, Inc.*, 743 F.3d 1359, 1369 (Fed. Cir. 2014); *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1337 (Fed. Cir. 2005).

b.     **35 U.S.C. § 103 Obviousness**

Invalidity under 35 U.S.C. § 103 requires proof of the following by clear and convincing evidence:

- The subject matter of one or more of the asserted claims would have been obvious to a person having ordinary skill in the art at the time of the invention; or

- A person having ordinary skill in the art would have been motivated to combine the teachings of prior art references to achieve the subject matter of one or more of the asserted claims and would have had a reasonable expectation of success in doing so.

- In determining whether a claimed invention is obvious, one must consider the level of ordinary skill in the field of the invention at the time the patent was filed, the scope and content of the prior art, any differences between the prior art and the claimed invention, and whether the secondary consideration relating to the claimed subject matter as identified by Plaintiff, specifically here commercial success, does not suggest the non-obviousness of the asserted claims.

Sources: Federal Circuit Bar Association Model Jury Instructions, B.4.3c; *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 407 (2007); *Ivera Med. Corp. v. Hospira, Inc.*, 801 F.3d 1336, 1344 (Fed. Cir. 2015); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-63 (Fed. Cir. 2000); *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1129 (Fed. Cir. 2000).

3.     **Medtronic's Evidence to Support the Claim**

Medtronic will rely on the following evidence to establish its allegations with respect to this claim:

- The '294 Patent, the file history of the '294 Patent, patents related to the '294 Patent, and the file histories of those related patents.

- The Court's claim constructions.

- Prior art patents, patent applications, publications, devices, documents, and any other such prior art materials identified in Medtronic's exhibit list.
- Discovery responses of both parties.
- Testimony of relevant fact and expert witnesses, including Kshitija Garde, Mark Casley, Bruce Wagner, Richard Hillstead, David Paniagua, R. David Fish and Robert Gallegos.
- Deposition designations of relevant deponents, including all individuals and testimony identified in the concurrently exchanged deposition designations, particularly the named inventors of the '294 Patent.

As noted above, Medtronic reserves the right to amend this list, including adding to or removing from it. In particular, Medtronic reserves the right to supplement, edit, and withdraw evidence from this list in response to Plaintiff's Memorandum of Contentions of Fact and Law or to address any issues that arise during pretrial proceedings for this case.

### C.  Medtronic's Claim 3: Limited Damages (35 U.S.C. §§ 286 and 288)

#### 1.  Summary of the Claim

Medtronic contends that Plaintiff's claims for damages and costs are limited or barred under at least 35 U.S.C. §§ 286 and 288.

#### 2.  Elements of the Claim

Medtronic bears the burden of proving, by a preponderance of the evidence, the below elements of its defenses regarding limitations on damages and costs.

##### a.  35 U.S.C. § 286 Damages Limitation

A limitation on damages under 35 U.S.C. § 286 requires proof of the date of filing of the complaint in the action. Plaintiff is statutorily barred from recovery of damages extending beyond a six-year period from the date of filing.

Sources: 35 U.S.C. § 286; *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 451-53 (2015); *Brulotte v. Thys Co.*, 379 U.S. 29 (1964); *Bianchi v. Barili*, 168 F.2d 793, 803 (9th Cir. 1948). .

### b.      35 U.S.C. § 288 Costs Limitation

A limitation on costs under 35 U.S.C. § 288 requires proof that at least one claim of the '294 Patent is invalid and that Plaintiff did not enter a disclaimer of the invalid claim at the Patent and Trademark Office before the commencement of the suit.  Plaintiff is statutorily barred from recovery of costs for infringement of any remaining valid claims.

Sources: 35 U.S.C. § 288; *Del Mar Engineering Laboratories v. Physio-Tronics, Inc.*, 202 U.S.P.Q. (BNA) 242, 1978 U.S. Dist. LEXIS 16873 (C.D. Cal. June 29, 1978), *aff'd,* 642 F.2d 1167, 209 U.S.P.Q. (BNA) 977, 1981 U.S. App. LEXIS 18990 (9th Cir. 1981), *aff'd,* 222 U.S.P.Q. (BNA) 793 (9th Cir. 1983); *Bishman Mfg. Co. v. Stewart-Warner Corp.*, 380 F.2d 336, 153 U.S.P.Q. (BNA) 496, 1967 U.S. App. LEXIS 6536 (7th Cir. 1967), *cert. denied*, 389 U.S. 897, 88 S. Ct. 216, 19 L. Ed. 2d 214, 155 U.S.P.Q. (BNA) 768, 1967 U.S. LEXIS 2936 (1967).

### 3.      Medtronic's Evidence to Support the Claim

Medtronic will rely on the following evidence with respect to this claim:

- The '294 Patent, the file history of the '294 Patent, patents related to the '294 Patent, and the file histories of those related patents.

- The litigation history in this action, including the filing date of Plaintiff's complaint against Medtronic.

- Evidence cited in support of Medtronic's invalidity defense (*see* section II.B above).

- Evidence that Plaintiff did not enter a disclaimer of any invalid claim prior to the filing of its complaint against Medtronic in this action.

As noted above, Medtronic reserves the right to amend this list, including adding to or removing from it.  In particular, Medtronic reserves the right to supplement, edit, and withdraw evidence from this list in response to Plaintiff's Memorandum of Contentions of Fact and Law or to address any issues that arise during pretrial proceedings for this case.

## III.   Bifurcation of Issues

Medtronic does not request bifurcation of any issues at this time.

## IV.   Jury Trial

Both parties timely demanded trial by jury.  Medtronic understands all the above-identified claims are triable to a jury except for: (1) Plaintiff's request for additional damages for Medtronic's alleged willful infringement; (2) Plaintiff's exceptional case claim under 35 U.S.C. § 285; and (3) Medtronic's cost limitations defense under 35 U.S.C. § 288.

## V.   Attorneys' Fees

If Medtronic is the prevailing party in this action, it anticipates that it will file a motion requesting attorneys' fees pursuant to 35 U.S.C § 285.

## VI.   Abandonment of Issues

Medtronic is not pursuing the Fifth Affirmative Defense of Prosecution History Estoppel as pleaded in its Answer to Plaintiff's FAC (Dkt. 114 at 10).

Dated:  January 3, 2022

By: */s/ Martin M. Ellison*

Martin M. Ellison (SBN 292060)
martin.ellison@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
T: (310) 595-3000 | F: (310) 595-3300

Mark D. Fowler (SBN 124235)
mark.fowler@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, California 94303-2250
T: (650) 833-2000 | F: (650) 833-2001

James M. Heintz (*Pro Hac Vice*)
jim.heintz@dlapiper.com

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DLA PIPER LLP (US)**
11911 Freedom Dr., Suite 300
Reston, VA 20190
T: (703) 773-4000 | F: (703) 773-5000

Kathryn Riley Grasso (SBN 211187)
kathryn.riley@ dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
T: (619) 699-2700 | F: (619) 699-2701

*Attorneys for Defendant
Medtronic CoreValve LLC*

24

DEFENDANT MEDTRONIC'S MEMORANDUM
OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)